UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | * | |
| SHENIQUA MINAE HARRIS | * | Case No.: 25-12284 |
| *Debtor* | * | Chapter 13 |
| * * * * * * | * | |
| FIRST METRO INC. | * | |
| *Movant* | * | |
| v. | * | |
| SHENIQUA MINAE HARRIS and TIMOTHY P. BRANIGAN, Trustee | * | |
| *Debtor/Respondent* | * | |
| * * * * * * * * * * * * * | | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY
AS TO REAL PROPERTY LOCATED AT
8335 FOUNDERS WOODS WAY, #2, FORT WASHINGTON, MD 20744**

Defendant First Metro Inc. ("First Metro") by and through its attorneys, Brian S. Burkett and McKenna, Russo, Livingston, Burkett & Burgy, LLC, hereby respectfully moves, pursuant to 11 USC 362 and Rule 4001 of the Federal Rules of Bankruptcy Procedure, for relief from the automatic stay. In support of this motion, Defendant states the following:

**Relevant Procedural History**

1. On November 5, 2024, in the Circuit Court of Maryland for Prince George's County, Case No. C-16-CV-24-005305 ("Litigation"), First Metro filed suit against Debtor, Sheniqua Minae Harris ("Debtor"), for specific performance, breach of contract, and declaratory

1

judgment related to the sale of real property located at 8335 Founders Woods Way, #2, Fort Washington, Maryland 20744 ("Subject Property").

2. On December 16, 2024, after Debtor failed to file an Answer or any responsive pleading to First Metro's Complaint, First Metro filed a Request for Order for Default against Debtor .

3. On December 16, 2024, First Metro's Order for Default was granted against Debtor , and a Notice of the Order was mailed to Debtor .

4. On December 18, 2024, the Court issued an Ex Parte hearing on proof of damages and scheduled the hearing for March 7, 2025.

5. In advance of the Ex Parte hearing, on January 22, 2025, First Metro filed its Motion for Entry of Judgment by Default against Debtor.

6. On March 7, 2025, the Ex Parte hearing was held, and judgment was entered in favor of First Metro and against Debtor as to all counts in the Complaint. A true and accurate copy of the Order dated March 7, 2025, is attached hereto as **Exhibit A**.

7. Specifically, the Circuit Court for Prince George's County ordered Debtor, within thirty (30) days of the entry of the Order, to transfer title and possession of the Subject Property to First Metro and to execute any and all documents necessary to complete the sale. *See* Exhibit A.

8. Further, the Order directs that if Debtor fails or refuses to execute the necessary documents, a trustee would be appointed upon request of First Metro to complete all required documentation on behalf of Debtor.

9. On March 17, 2025, Debtor filed a Petition for Bankruptcy in the above-captioned matter.

10. On April 2, 2025, First Metro filed a Suggestion of Bankruptcy in the Litigation.

**Discussion**

11. This matter relates to the purchase of real property where, on August 17, 2022, First Metro and Debtor signed a Contract for the Purchase and Sale of Real Estate ("Contract") as it relates to the Subject Property.

12. By Order dated March 7, 2025, the Circuit Court for Prince George's County "DECLARED, that the Contract for the purchase and Sale of Real Estate, dated August 17, 2022, by and between [First Metro and Debtor] for the sale and purchase of [the Subject Property] is valid and enforceable." *See* Exhibit A.

13. Thus, equitable conversion has occurred and First Metro holds an equitable interest in the Subject Property as of August 17, 2022.

14. Equitable conversion is summarized, as follows:

> Equitable conversion is a broad, well-established principle that emanates from the maxim that "equity treats that as *being* done which *should* be done." *Himmighoefer v. Medallion Industries, Inc.,* 302 Md. 270, 278, 487 A.2d 282, 286 (1985) (quoting from 8A Thompson, Real Property, § 4447 (Grimes Replacement Volume 1963), at 273–74) (Emphasis added). Thus, as the *Himmighoefer* Court continued, in its quotation from Thompson:
>
> "[W]hen the vendee contracts to buy and the vendor to sell, though legal title has not yet passed, in equity the vendee becomes the owner of the land, the vendor of the purchase money. In equity the vendee has a real interest and the vendor a personal interest. Equity treats the executory contract as a conversion, whereby an equitable interest in the land is secured to the purchaser for whom the vendor holds the legal title in trust."

*Noor v. Centreville Bank*, 193 Md. App. 160, 167, 996 A.2d 928, 932 (2010).

15. Debtor merely holds bare legal title. All that remains is to complete the sale to First Metro and unite equitable and legal title.

16. As a result, the Circuit Court for Prince George's County, "ORDERED, that Defendant must transfer title and possession of the Subject Property to Plaintiff pursuant to the

terms of the Purchase and Sale of Real Estate, dated August 17, 2022, by and between [First Metro and Debtor], within thirty (30) days of the entering of this Order." *See* Exhibit A.

17. First Metro is entitled to relief from the automatic stay to complete the sale and purchase process.

18. A party is entitled to relief from the automatic stay for cause and for lack of adequate protection. *In re Internal Revenue Service v. Bacha*, 166 B.R. 611, 612 (Bankr.D.Md.1993).

19. In the instant matter, First Metro is not adequately protected. The Subject Property is not the primary residence of Debtor, and First Metro has not had the opportunity to inspect the Subject Property in anticipation of closing on the purchase for the Subject Property. First Metro continues to be injured for the continued delay in completing the purchase of the Subject Property.

20. Further, it is well established that the Courts generally grant relief from the stay either for cause…" *In re Pagoda Int'l, Inc.,* 26 B.R. 18, 20 (Bankr. D. Md 1982). In doing so, "[a] decision to lift the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992), <u>as amended</u> (May 27, 1992).

21. The Bankruptcy Code provides that upon request of a party in interest, the Court shall grant relief from the automatic stay for cause. 11 U.S.C. 362(d)(1). Cause exists for this Court to grant relief from the automatic stay and permit the parties to take the steps necessary to complete the sale as directed by the Circuit Court for Prince George's County.

WHEREFORE, for the reasons stated herein, First Metro respectfully requests this Honorable Court:

A. GRANT relief from the automatic stay pursuant to § 362(d)(1) to permit the parties

to complete the sale and purchase of the Subject Property pursuant to the Order dated March 7, 2025, by the Circuit Court for Prince George's County;

      B.     ENTER an order terminating the automatic stay imposed by 11 U.S.C § 362 of the Bankruptcy Code for the limited purpose of complying with the Circuit Court for Prince George's County's Order of March 7, 2025, directing Debtor to transfer legal title to the Subject Property to First Metro and provide all necessary documentation to finalize the transfer; and

      C.     GRANT such other and further relief as may be necessary.

                Respectfully submitted,

                MCKENNA, RUSSO, LIVINGSTON,
                BURKETT & BURGY, LLC

By:    */s/ Brian S. Burkett*
       Brian S. Burkett (Bar No. 20318)
       888 Bestgate Road, Suite 215
       Annapolis, MD 21401
       (410) 216-4000
       Burkett@McKennaRusso.com
       *Attorney for Movant*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 23, 2025, the foregoing paper was served through the Court's electronic filing and service system or by first class mail, upon the following:

Brian Williams
Law Office of Brian Williams
6475 New Hampshire Ave. Ste. 205
Hyattsville, MD 20783

Timothy P. Branigan
9891 Broken Land Parkway, Suite 301
Columbia, MD 21046

Bank of America
PO Box 982238
El Paso, TX 79998

Comenity Bank
PO Box 182789
Columbus, OH 43218

Corinne Rosen
PO Box 493
Rockville, MD 20848

Council of Unit Owners of Founders
PO Box 493
Rockville, MD 20848

Discover
PO Box 30939
Salt Lake City, UT 84130

JPMCB Card Services
PO Box 15369
Wilmington, DE 19850

Mr. Cooper
8950 Cypress Waters Blvd
Coppell, TX 75019

Nationstar Mortgage
PO Box 199111
Dallas, TX 75219

Navy Federal Credit Union
PO Box 3700
Merrifield, VA 22119-3000

Pentagon Federal Credit Union
2930 Eisenhower Ave
Alexandria, VA 22314

Pentagon Federal Credit Union
PO Box 1432
Alexandria, VA 22313-2032

State of Maryland Comptroller of Treasury
110 Carroll St
Annapolis, MD 21411

SYNCB/PPC
PO Box 530975
Orlando, FL 32896

SYNCB/SAM'S CLUB
PO Box 965005
Orlando, FL 32896

THD/CBNA
PO Box 6497
Sioux Falls, SD 57117

                                            */s/ Brian S. Burkett*
                                            Brian S. Burkett